IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JAN 23 2014
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

| | |
|---|---|
| MICHAEL TODD ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> LIFEWATCH, INC., ) <br> JOHN DOE ) <br> ) <br> Defendant ) | 1:14-cv-00509 <br> Judge Sharon Johnson Coleman <br> Magistrate Judge Sheila M. Finnegan |

## COMPLAINT

NOW COMES Plaintiff, Michael Todd, *pro se*, who brings this Complaint and states as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff, Michael Todd (herein "Plaintiff" or "Todd") is an individual person who at all relevant times herein resided at 9134 Del Prado Dr., 2N, Palos Hills, IL 60465.

2. Defendant, LIFEWATCH, INC. (herein "LIFEWATCH") is a New York corporation that routinely conducts business in this district.

3. Defendant, JOHN DOE (herein "DOE") is one or more individuals or entities that is unknown to Plaintiff at this time, who therefore sues DOE by such fictitious name. When the true name(s) of DOE is ascertained, Plaintiff intends to amend this Complaint to properly identify DOE.

4. 47 U.S.C. § 227 *et seq.* presents a federal question and as such jurisdiction arises under 28 U.S.C. § 1331. Venue is proper as Defendants conduct business in this district and Todd was damaged in this district. This court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. § 1367.

Factual Allegations

5. On December 18, 2013 ("first call"), LIFEWATCH, or DOE, calling on behalf of LIFEWATCH initiated a call to Todd's residential telephone line.

6. Upon Todd answering the first call, LIFEWATCH or DOE, calling on behalf of LIFEWATCH, delivered a prerecorded message to Todd's residential telephone line. Todd pressed the applicable key and was eventually connected to a live representative.

7. LIFEWATCH or DOE, calling on behalf of LIFEWATCH, solicited Todd to purchase a subscription to a medical monitoring service during the first call. According to the representative, the price for the subscription was $29.95 per month with no contract and Todd would receive all equipment free of charge.

8. LIFEWATCH or DOE, calling on behalf of LIFEWATCH, failed to inquire at the beginning of the live solicitation whether Plaintiff consented to the solicitation.

9. During the first call, the LIFEWATCH or DOE representative requested Todd's credit card number and Todd's debit card was charged $29.95 shortly after the first call.

10. On December 27, 2013 ("second call"), LIFEWATCH or DOE, calling on behalf of LIFEWATCH, initiated a call to Todd's residential telephone line.

11. Upon Todd answering the second call, LIFEWATCH or DOE, calling on behalf of LIFEWATCH, delivered a prerecorded message to Todd's residential telephone line.

12. On December 27. 2013, Todd requested to be placed on LIFEWATCH's internal do-not-call list.

13. Todd received the LIFEWATCH unit along with multiple contracts from LIFEWATCH for Todd to enter into, contrary to the previous representation during the first call that there was no contract.

14. On January 15, 2014 at 10:20 a.m. ("third call"), LIFEWATCH initiated a call to Todd's residential telephone number of 708-576-8156.

15. On information and belief, the third call was made by LIFEWATCH for telemarketing purposes.

16. On January 15, 2014 at 6:34 p.m. ("fourth call"), LIFEWATCH initiated a call to Todd's residential telephone number of 708-576-8156.

17. On information and belief, the fourth call was made by LIFEWATCH for telemarketing purposes.

18. On January 16, 2014 ("fifth call"), LIFEWATCH initiated a call to Todd's residential telephone number of 708-576-8156.

19. The fifth call made by LIFEWATCH was for telemarketing purposes designed for Todd to activate a monthly monitoring agreement.

20. On January 22, 2014 at 12:15 p.m. ("sixth call"), LIFEWATCH initiated a call to Todd's residential telephone number of 708-576-8156.

21. During the sixth call, the LIFEWATCH representative confirmed that Todd received the LIFEWATCH unit and proceeded with a solicitation designed for Todd to activate a monthly monitoring agreement. Todd informed the representative that he was not interested and terminated the call.

22. On January 22, 2014 at 12:25 p.m. ("seventh call"), LIFEWATCH initiated a call to Todd's residential telephone number of 708-576-8156.

23. During the seventh call, the same LIFEWATCH representative that spoke with Todd during the sixth call, again attempted to have Todd activate a monthly monitoring agreement. When

Todd refused, the representative demanded that Todd return the unit previously shipped to him. Todd demanded that LIFEWATCH not call him anymore during the seventh call.

24. On January 22, 2014 at 12:59 p.m. ("eighth call"), LIFEWATCH initiated a call to Todd's residential telephone number of 708-576-8156.

25. During the eight call, a LIFEWATCH representative identified herself as a supervisor and stated that she was following up on the calls from earlier that day relating to the unit and monthly monitoring service. Todd explained to the representative that he had no intention of activating the service and was previously falsely advised that there would be no contract and all the equipment was free. The representative then began denigrating Todd stating that he must have a really miserable life to be such a vicious person and stated that LIFEWATCH was going to charge Todd's credit card with the cost of the equipment ($500). When Todd advised that LIFEWATCH did not have authorization and he would dispute any charge and have it reversed, the LIFEWATCH representative stated that it would be a hassle for Todd anyway.

26. Todd has never given LIFEWATCH or DOE his express consent to receive any prerecorded message.

27. The prerecorded messages delivered to Todd by LIFEWATCH or DOE calling on behalf of LIFEWATCH were not for emergency purposes.

28. During each call:

(a) Plaintiff was a "person" under 47 U.S.C. § 227 *et seq.*;

(b) LIFEWATCH is a "seller" as defined by 47 C.F.R. § 64.1200(f)(9) as it is a person or entity on whose behalf a telephone call or message is initiated for the purpose of

encouraging the purchase or rental or, or investment in, property, goods, or services, which was transmitted to Todd;

(c) Each call was initiated by LIFEWATCH or DOE, calling on behalf of LIFEWATCH, for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services and, therefore, each was a "telephone solicitation" as defined under 47 U.S.C. § 227(a)(5) and was "telemarketing" as defined by 47 C.F.R. § 64.1200(f)(12);

(d) LIFEWATCH and DOE are each a "telemarketer" as defined under 47 C.F.R. § 64.1200(f)(11) as LIFEWATCH and DOE is a person or entity that initiates a call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which was transmitted to Todd.

29. The first, fifth, sixth, seventh, and eighth call was a "telephone solicitation" pursuant to 815 ILCS 413/5 as it was communication through the use of a telephone by live operators for soliciting the sale of goods or services.

30. During each call, Todd was a "subscriber" pursuant to 815 ILCS 413/5 as he was a person who has subscribed to telephone service from a telephone company.

31. Plaintiff has suffered damages including but not limited to actual damages, frustration, anger, and other negative emotions as a result of the continued violations described herein to be proven at trial.

## RESPONDEAT SUPERIOR LIABILITY

32. The acts of LIFEWATCH's agents or employees, DOE, who communicated with Todd were committed within the line and scope of their agency or employment relationship with their principal, LIFEWATCH.

33. The acts and omissions by LIFEWATCH's agents or employees, DOE, were incidental to, or of the same general nature as, the responsibilities these agents or employees were authorized to perform by LIFEWATCH.

34. LIFEWATCH is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done by its agents or employees in violation of state and federal law, including but not limited to violations of the TCPA and Illinois law.

## Count One: Violations of 47 U.S.C. § 227(b)(2)(B)

35. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

36. During the course of the first call, LIFEWATCH or DOE, calling on behalf of LIFEWATCH violated 47 U.S.C. § 227(b)(2)(B) by initiating a telephone call to Todd's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of Todd. As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against LIFEWATCH and DOE in the amount of up to $500 pursuant to 47 U.S.C. § 227(b)(3).

37. During the course of the first call, LIFEWATCH or DOE, calling on behalf of LIFEWATCH, willfully and/or knowingly violated 47 U.S.C. § 227(b)(2)(B) by willfully and/or knowingly initiating a telephone call to Todd's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of Todd. As a result, Plaintiff is entitled to an award of statutory damages and treble damages in Plaintiff's favor and against LIFEWATCH and DOE in the amount of up to $1500 pursuant to 47 U.S.C. § 227(b)(3).

38. Plaintiff has been damaged as a result and DOE is liable to Plaintiff for his damages.

39. LIFEWATCH is liable to Todd under the doctrine of respondeat superior.

WHEREFORE, Todd demands judgment against LIFEWATCH and DOE, both jointly and severally, for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

<u>Count Two: Violations of 47 U.S.C. § 227(b)(2)(B)</u>

40. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

41. During the course of the second call, LIFEWATCH or DOE, calling on behalf of LIFEWATCH violated 47 U.S.C. § 227(b)(2)(B) by initiating a telephone call to Todd's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of Todd. As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against LIFEWATCH and DOE in the amount of up to $500 pursuant to 47 U.S.C. § 227(b)(3).

42. During the course of the second call, LIFEWATCH or DOE, calling on behalf of LIFEWATCH, willfully and/or knowingly violated 47 U.S.C. § 227(b)(2)(B) by willfully and/or knowingly initiating a telephone call to Todd's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of Todd. As a result, Plaintiff is entitled to an award of statutory damages and treble damages in Plaintiff's favor and against LIFEWATCH and DOE in the amount of up to $1500 pursuant to 47 U.S.C. § 227(b)(3).

43. Plaintiff has been damaged as a result and DOE is liable to Plaintiff for his damages.

44. LIFEWATCH is liable to Todd under the doctrine of respondeat superior.

WHEREFORE, Todd demands judgment against LIFEWATCH and DOE, both jointly and severally, for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

Count Three: Violation of 815 ILCS 413/15(b)(2)

45. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

46. During the course of the first, fifth, sixth, seventh, and eighth call, LIFEWATCH violated 815 ILCS 413/15(b)(2) by failing to inquire at the beginning of the call whether Todd consented to the solicitation.

47. Plaintiff has been damaged as a result and LIFEWATCH is liable to Plaintiff for his damages.

48. Plaintiff is entitled to recover for his damages and treble damages pursuant to 815 ILCS 413/25(d).

WHEREFORE, Todd demands judgment against LIFEWATCH for actual damages, treble damages, the costs of this action, and any other relief deemed just and appropriate.

Count Four: Violations of 47 C.F.R. § 64.1200(d)(6)

49. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

50. During the course of the third call, LIFEWATCH violated 47 C.F.R. § 64.1200(d)(6) by initiating a telephone call to Todd's residential telephone line after Todd's request to be placed on LIFEWATCH's do-not-call list and thereby failing to honor Todd's prior do-not-call request. As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against LIFEWATCH in the amount of up to $500 pursuant to 47 U.S.C. § 227(c)(5).

51. During the course of the third call, LIFEWATCH, willfully and/or knowingly violated 47 C.F.R. § 64.1200(d)(6) by willfully and/or knowingly initiating a telephone call to Todd's residential telephone line after Todd's request to be placed on LIFEWATCH's internal do-not-call list, thereby failing to honor Todd's do-not-call request. As a result, Plaintiff is entitled to an award of statutory damages and treble damages in Plaintiff's favor and against LIFEWATCH in the amount of up to $1500 pursuant to 47 U.S.C. § 227(c)(5).

52. Plaintiff has been damaged and LIFEWATCH is liable to Plaintiff for the damages. WHEREFORE, Todd demands judgment against LIFEWATCH for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

### Count Five: Violations of 47 C.F.R. § 64.1200(d)(6)

53. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

54. During the course of the fourth call, LIFEWATCH violated 47 C.F.R. § 64.1200(d)(6) by initiating a telephone call to Todd's residential telephone line after Todd's request to be placed on LIFEWATCH's do-not-call list and thereby failing to honor Todd's prior do-not-call request. As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against LIFEWATCH in the amount of up to $500 pursuant to 47 U.S.C. § 227(c)(5).

55. During the course of the fourth call, LIFEWATCH, willfully and/or knowingly violated 47 C.F.R. § 64.1200(d)(6) by willfully and/or knowingly initiating a telephone call to Todd's residential telephone line after Todd's request to be placed on LIFEWATCH's internal do-not-call list, thereby failing to honor Todd's do-not-call request. As a result, Plaintiff is

entitled to an award of statutory damages and treble damages in Plaintiff's favor and against LIFEWATCH in the amount of up to $1500 pursuant to 47 U.S.C. § 227(c)(5).

56. Plaintiff has been damaged and LIFEWATCH is liable to Plaintiff for the damages. WHEREFORE, Todd demands judgment against LIFEWATCH for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

<u>Count Six: Violations of 47 C.F.R. § 64.1200(d)(6)</u>

57. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

58. During the course of the fifth call, LIFEWATCH violated 47 C.F.R. § 64.1200(d)(6) by initiating a telephone call to Todd's residential telephone line after Todd's request to be placed on LIFEWATCH's do-not-call list and thereby failing to honor Todd's prior do-not-call request. As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against LIFEWATCH in the amount of up to $500 pursuant to 47 U.S.C. § 227(c)(5).

59. During the course of the fifth call, LIFEWATCH, willfully and/or knowingly violated 47 C.F.R. § 64.1200(d)(6) by willfully and/or knowingly initiating a telephone call to Todd's residential telephone line after Todd's request to be placed on LIFEWATCH's internal do-not-call list, thereby failing to honor Todd's do-not-call request. As a result, Plaintiff is entitled to an award of statutory damages and treble damages in Plaintiff's favor and against LIFEWATCH in the amount of up to $1500 pursuant to 47 U.S.C. § 227(c)(5).

60. Plaintiff has been damaged and LIFEWATCH is liable to Plaintiff for the damages.

WHEREFORE, Todd demands judgment against LIFEWATCH for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

### Count Seven: Violations of 47 C.F.R. § 64.1200(d)(6)

61. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

62. During the course of the sixth call, LIFEWATCH violated 47 C.F.R. § 64.1200(d)(6) by initiating a telephone call to Todd's residential telephone line after Todd's request to be placed on LIFEWATCH's do-not-call list and thereby failing to honor Todd's prior do-not-call request. As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against LIFEWATCH in the amount of up to $500 pursuant to 47 U.S.C. § 227(c)(5).

63. During the course of the sixth call, LIFEWATCH, willfully and/or knowingly violated 47 C.F.R. § 64.1200(d)(6) by willfully and/or knowingly initiating a telephone call to Todd's residential telephone line after Todd's request to be placed on LIFEWATCH's internal do-not-call list, thereby failing to honor Todd's do-not-call request. As a result, Plaintiff is entitled to an award of statutory damages and treble damages in Plaintiff's favor and against LIFEWATCH in the amount of up to $1500 pursuant to 47 U.S.C. § 227(c)(5).

64. Plaintiff has been damaged and LIFEWATCH is liable to Plaintiff for the damages. WHEREFORE, Todd demands judgment against LIFEWATCH for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

### Count Eight: Violations of 47 C.F.R. § 64.1200(d)(6)

65. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

66. During the course of the seventh call, LIFEWATCH violated 47 C.F.R. § 64.1200(d)(6) by initiating a telephone call to Todd's residential telephone line after Todd's request to be placed on LIFEWATCH's do-not-call list and thereby failing to honor Todd's prior do-not-call request. As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against LIFEWATCH in the amount of up to $500 pursuant to 47 U.S.C. § 227(c)(5).

67. During the course of the seventh call, LIFEWATCH, willfully and/or knowingly violated 47 C.F.R. § 64.1200(d)(6) by willfully and/or knowingly initiating a telephone call to Todd's residential telephone line after Todd's request to be placed on LIFEWATCH's internal do-not-call list, thereby failing to honor Todd's do-not-call request. As a result, Plaintiff is entitled to an award of statutory damages and treble damages in Plaintiff's favor and against LIFEWATCH in the amount of up to $1500 pursuant to 47 U.S.C. § 227(c)(5).

68. Plaintiff has been damaged and LIFEWATCH is liable to Plaintiff for the damages. WHEREFORE, Todd demands judgment against LIFEWATCH for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

### Count Nine: Violations of 47 C.F.R. § 64.1200(d)(6)

69. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

70. During the course of the eighth call, LIFEWATCH violated 47 C.F.R. § 64.1200(d)(6) by initiating a telephone call to Todd's residential telephone line after Todd's request to be placed on LIFEWATCH's do-not-call list and thereby failing to honor Todd's prior do-not-call request. As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's

favor and against LIFEWATCH in the amount of up to $500 pursuant to 47 U.S.C. § 227(c)(5).

71. During the course of the eighth call, LIFEWATCH, willfully and/or knowingly violated 47 C.F.R. § 64.1200(d)(6) by willfully and/or knowingly initiating a telephone call to Todd's residential telephone line after Todd's request to be placed on LIFEWATCH's internal do-not-call list, thereby failing to honor Todd's do-not-call request. As a result, Plaintiff is entitled to an award of statutory damages and treble damages in Plaintiff's favor and against LIFEWATCH in the amount of up to $1500 pursuant to 47 U.S.C. § 227(c)(5).

72. Plaintiff has been damaged and LIFEWATCH is liable to Plaintiff for the damages. WHEREFORE, Todd demands judgment against LIFEWATCH for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

## Count Ten: Violation of 815 ILCS 413/15(b)(3)

73. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

74. During the course of the fifth, sixth, seventh, and eighth call, LIFEWATCH violated 815 ILCS 413/15(b)(3) by failing to refrain from calling Todd and take all steps necessary to have Todd's number removed from LIFEWATCH's contact records so that Todd would not be contacted again by LIFEWATCH after Todd's December 27, 2013 do-not-call request.

75. Plaintiff has been damaged as a result and LIFEWATCH is liable to Plaintiff for his damages.

76. Plaintiff is entitled to recover for his damages and treble damages pursuant to 815 ILCS 413/25(d).

WHEREFORE, Todd demands judgment against LIFEWATCH for actual damages, treble damages, the costs of this action, and any other relief deemed just and appropriate.

### Count Ten: Negligence

77. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

78. At all times relevant herein, LIFEWATCH, as a seller or telemarketer under the Telephone Sales Rule, owed a duty under 16 C.F.R. § 310.4(a)(1) to refrain from engaging in the conduct of threats to Todd.

79. LIFEWATCH violated the duty owed to Todd under 16 C.F.R. § 310.4(a)(1) during the eighth call to Todd by threatening to charge Todd's bank card without authorization.

80. LIFEWATCH's actions were at all times conducted willfully and with reckless disregard to the rights of Todd. Accordingly, Todd is entitled to punitive damages.

81. As a direct and proximate result, Todd has suffered damages.

82. LIFEWATCH is liable to Todd for his damages.

WHEREFORE, Plaintiff demands judgment against LIFEWATCH for nominal, actual, and punitive damages, the costs of this action, and any other relief deemed just and appropriate.

Plaintiff demands trial by jury.

Respectfully submitted: _____
Michael Todd, Plaintiff, *pro se*
9134 Del Prado Dr., 2N
Palos Hills, IL 60465
Ph. 708-576-8156
Mtodd75682@aol.com